UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THEODORE C. SMITH, JR., )
)
Plaintiff, )
)
v. ) Case No. 2:19-cv-208
)
JIM BAKER and JOSHUA RUTHERFORD, )
)
Defendants. )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS, AND
GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**
(Docs. 9 & 10)

This matter came before the court for a review of the Magistrate Judge's August 10, 2020 Report and Recommendation ("R & R") (Doc. 10), in which he recommended the court grant the unopposed[1] motion to dismiss filed by Defendants Jim Baker, Commissioner of the Vermont Department of Corrections ("DOC"),[2] and Joshua Rutherford, former superintendent of Northwest State Correctional Facility (collectively, "Defendants") (Doc. 9). Defendants argue that the court should dismiss Plaintiff Theodore C. Smith, Jr.'s Complaint, filed pursuant to 42 U.S.C. § 1983 and alleging violations of his religious rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc-5, because Plaintiff lacks standing, Fed. R. Civ. P. 12(b)(1), and because he failed to plausibly allege

---

[1] Although the motion to dismiss is unopposed, Plaintiff's lack of an opposition is not dispositive, and the Magistrate Judge properly considered the merits of Defendants' arguments. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("If [the] complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to [the] motion does not warrant dismissal.").

[2] Since Plaintiff filed his Complaint on September 4, 2019, Michael Touchette resigned as the DOC Commissioner.

claims for damages against Defendants in both their official and individual capacities. Fed. R. Civ. P. 12(b)(6). No party has filed an objection to the R & R, and the time period to do so has expired.

Plaintiff is self-represented. Defendants are represented by Vermont Assistant Attorney General Jared C. Bianchi.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his fourteen-page R & R, the Magistrate Judge carefully reviewed the factual allegations, potential causes of action, and requests for relief set forth in Plaintiff's Complaint and recommended that Defendants' motion to dismiss be granted and Plaintiff's Complaint be dismissed. No party has raised an objection to that recommendation and the court therefore adopts it.

## LEAVE TO AMEND

The Second Circuit has stated that a "*pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend the pleading] when justice so requires"). The court grants Plaintiff leave to file an Amended Complaint within thirty (30) days from the date of this Order.

If Plaintiff chooses to file an Amended Complaint, he must comply with the Federal Rules of Civil Procedure including stating the factual and legal bases for his causes of action. *See* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In his Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Amended Complaint will take the place of the initial Complaint in all respects. For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at https://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's office for a self-represented party's informational pamphlet. **Failure to file an Amended Complaint in the time period provided shall result in the dismissal of this case.**

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 10) as the court's Opinion and Order and GRANTS Defendants' motion to dismiss. (Doc. 9.) Plaintiff's action will be DISMISSED if an Amended Complaint is not filed within thirty (30) days from the date of this Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this ___ day of September, 2020.

Christina Reiss, District Judge
United States District Court

3